## THE PEOPLE *vs.* BENJAMIN MOSHER.

Bigamy is not punishable as an offence against this State, unless the second marriage took place within the territorial limits of this State.

Where the prisoner married a wife in Pennsylvania and lived with her in that State for several years, and then left her and went to Canada, and there married another woman and came to reside with her in this State, his wife being still living in Pennsylvania, it was held that the bigamy complained of was not an offence against the laws of this State and the prisoner was acquitted.

The statutory provision (2 R. S. 688, § 10) merely regulates the venue or place of trial, and does not enlarge the jurisdiction of the State courts.

The prisoner was indicted for Bigamy. The facts alleged in the indictment were that Mosher married a wife in Pennsylvania and lived with her in that state for several years and left her and went to Canada and there married another woman, his wife being still living in Pennsylvania. After his second marriage in Canada he came to Orleans county and resided there.

*J. S. Smith,* for the prisoner, claimed that he was entitled to an acquittal for the reason that no offence against the laws of this state was charged.

*B. L. Bessac,* (District Attorney) *contra,* insisted that by statute the offence was recognized as a crime against the laws of a place where the party was apprehended, and relied upon 2 R. S. 688, § 10.

THE COURT held that the laws of this state had no extra territorial force, and that the second marriage in Canada was not therefore an offence against the laws of this state; and although the marriage was void by the law of the place where it was entered into, the subsequent cohabitation of the parties within this state was merely an offence against good morals,

but was not indictable as a crime. The marriage being void, the parties were living together in a state of adultery, which was not recognized as a crime punishable by indictment under our laws. That the law against bigamy was not only to preserve the public morals, but it was made criminal, in order to protect the innocent party against the wiles of the guilty and this state owed no duty and could afford no protection to the subjects of a foreign state dwelling and remaining within the territory of their own government.

The statutory provision, to the effect, that an indictment may be found against any person, for a second or other prohibited marriage, in the county in which such person shall be apprehended, and like proceedings had as if the offence had been committed therein, merely regulates the venue or place of trial, and does not enlarge the jurisdiction of the State courts, or give them cognizance of offences committed without the state. It presupposes an offence to have been committed within the state against the laws of the state and regulates the place of trial.

The statute which defines the jurisdiction of criminal courts (2 R. S. 697, § 1) restricts their jurisdiction to offences and crimes committed within the boundaries of the state. (1 R. S. 65, § 1.) An attempt of the legislature to subject individuals to trial and punishment within this state, for acts done without the territorial limits of the state would be fruitless and the legislation designed to accomplish the purpose would be simply void.

The defendant was acquitted.