### BOLD v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1920. Rehearing Denied July 6, 1920.)

#### No. 3366.

1. **Criminal law ☜1168(1)—Error in refusing instructed verdict as to one count harmless, where sentence for less than maximum under other count.**

    Where the sentence is general, and for a less term than the maximum which might have been imposed under either count, if there is evidence to sustain a conviction under either, error in refusing an instructed verdict as to the other is immaterial.

2. **War ☜4—Competent evidence of one witness sufficient, without corroboration, in Espionage Act prosecution.**

    On a trial under the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h) for supporting the cause of the German government and opposing that of the United States, the evidence of one witness, if competent, is sufficient for a conviction, without corroboration.

3. **Criminal law ☜1159(3)—Appellate court cannot weigh conflicting testimony.**

    The Circuit Court of Appeals can merely determine in a criminal case whether there was some competent and substantial evidence tending to sustain the verdict, and cannot weigh conflicting testimony.

4. **War ☜4—Finding of intent warranted in prosecution under Espionage Act.**

    On a trial under the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h) for favoring the cause of the German government and opposing that of the United States, defendant's intent might be deduced from circumstances, and the jury were justified in finding a wrongful intent on evidence that he stated to one expecting to be called into military service that he was a fool for fighting a rich man's war and for the rich man's troubles, that the government could not pay 2 per cent.

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on the debt it was contracting, etc., and that the United States had no business to go into the war, and should have kept her ships at home, and there would have been no trouble and no war. ·

5. **Indictment and information ☞87(4)—Date alleged immaterial, if prior to indictment and within period of limitations.**

On a trial under the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h), the precise date alleged is not material, so long as it is shown that the offense was committed before the finding of the indictment and within the period of limitations.

6. **Criminal law ☞371(1)—Evidence of other utterances admissible to show intent on trial under Espionage Act.**

On a trial under the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h), evidence of utterances of defendant of similar import to those charged, made at times other than those alleged, some prior to our entry to the war, and some subsequently, but before the indictment, was admissible on the question of defendant's state of mind and intent in the particular utterances charged. .

7. **Criminal law ☞673(5)—Limiting evidence by charge sufficient.**

Where, on a trial under the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h), the court admitted utterances of similar import to those charged as bearing on defendant's state of mind and intent, it was sufficient to confine them to that purpose by the charge, without limiting the purpose for which they were admitted while. the witness was on the stand. ·

8. **Criminal law ☞696(3)—Direction of verdict on one count does not require striking out of evidence relevant to other counts.**

On a trial under the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h), the refusal to strike out evidence was not error, though a directed verdict was granted as to the count under which it was offered, where it was admissible on the question of intent under other counts. ·

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

F. W. Bold was convicted of offenses, and he brings error. Affirmed.

F. H. Mills, of Klamath Falls, Or., for plaintiff in error.

Lester W. Humphreys, U. S. Atty., and Hall S. Lusk, Asst. U. S. Atty., both of Portland, Or.

Before GILBERT and HUNT, Circuit Judges, and VAN FLEET, District Judge.

VAN FLEET, District Judge. Bold was convicted of a violation of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h), and brings error to review the judgment.

The indictment was in seven counts. Counts 1 and 3 were eliminated on demurrer. A directed verdict of not guilty was had as to count 4, while counts 2, 5, 6, and 7 were submitted to the jury on the evidence, which returned a verdict of not guilty as to counts 2 and 6 and guilty on counts 5 and 7. Several assignments are presented which will be noticed:

[1] 1. It is claimed that the court erred in refusing a motion for an instructed verdict, interposed as to both counts 5 and 7, for want of sufficient evidence to warrant conviction, but we regard the claim as without. merit. It will only be necessary to inquire as to one of the counts, since the sentence was general, and for a term less than

the maximum which might have been imposed under either, and therefore, if there is evidence to sustain a conviction under either count, any error as to the other becomes immaterial. Abrams et al. v. U. S., 250 U. S. 616, 40 Sup. Ct. 17, 63 L. Ed. 1173; Pierce et al. v. U. S. (March 8, 1920) 252 U. S. 239, 40 Sup. Ct. 205, 64 L. Ed. ——.

We will consider the objection as it affects count 7. That count, after stating the jurisdictional facts, alleges in substance that Bold, the defendant, then knowing of the existence of a state of war between this country and Germany, did, on August 24, 1918, at Bonanza, in the state of Oregon, willfully and knowingly by word and act support and favor the cause of the German government, and oppose the cause of the United States, by then and there stating to one Frank R. Morris that Morris—

"was a damn fool for fighting a rich man's war, * * * and for fighting for the rich man's troubles; that this government could not pay 2 per cent. on the debt it was contracting; that the common people of this country did not know what was going on; that the War Department of the United States was deceiving and hoodwinking the people from start to finish; that it was all a bunch of graft; that the United States should have kept her ships at home, and there would have been no trouble and no war; and that the United States had no business to go into the war."

[2, 3] To support this count the government introduced the witness Morris, whose testimony, it is sufficient to say, without stating it in detail, tended substantially, if not literally, to fully sustain the truth of the matter alleged in the count, and to show that the defendant used the language charged, after learning that Morris was expecting to be called into the military service of the United States. This was the only witness whose testimony related specifically to the matter charged in this count, and this fact is mainly the basis of the objection. It is not claimed that Morris' evidence was in any wise wanting in character or competency to sustain the charge if sufficient in law, but the objection is that it was insufficient, because not supported or corroborated by any other witness, and further, if we understand counsel, because it was wholly refuted by the evidence for defendant. But the offense is not one requiring corroboration, the evidence of one witness, if competent, being sufficient for conviction; and, while it is true that the defendant made sweeping denial of the testimony of Morris, the question here is simply whether there was some competent and substantial evidence tending to sustain the verdict, and not to weigh conflicting testimony. Abrams v. United States, supra.

[4] It is said that "there was a total failure of wrongful intent shown on the part of the defendant." But the intent may always be deduced from the circumstances, and the jury were fully justified, upon the evidence before them, in finding on that element of the offense.

[5] It is further urged that the evidence of Morris did not fix the date of the purported declarations of the defendant in harmony with that charged in the indictment. But we think the record clearly refutes this claim. Moreover, the precise date alleged is not material,

so long as it is shown that the offense was committed before the finding of the indictment and within the period of the statute of limitations—conditions which were fully met here. United States v. Francis (D. C.) 144 Fed. 520; Hume v. United States, 118 Fed. 689, 696, 55 C. C. A. 407.

[6] 2. The court admitted, over the objection of the defendant, testimony of a number of witnesses tending to show utterances by defendant of similar import to those charged, made to different persons, at dates and times other than those set out in the indictment, some made prior to our entry into the war, and some subsequently, but before the indictment, which was permitted to go before the jury as bearing on the defendant's state of mind and his intent in the particular utterances charged. This is assigned as error. The court below in its charge very carefully, clearly, and correctly explained to the jury the purpose for which such evidence was admitted, confining it solely to the question of intent and to be considered for no other purpose. Such evidence, within the limitations stated by the court, is entirely proper in cases of this character. Equi v. United States, 261 Fed. 53, —— C. C. A. ——; Rhuberg v. United States, 255 Fed. 865, 167 C. C. A. 185; Debs v. United States, 249 U. S. 211, 39 Sup. Ct. 252, 63 L. Ed. 566.

[7] It is objected that the court should have stated and limited the purpose for which such evidence was admitted, while the witness giving it was upon the stand. But there is no such requirement. While that course is perhaps commendable, for greater protection against misapprehension on the part of the jury, the rule is satisfied by the course adopted by the learned judge of the court below.

[8] 3. The evidence of the witness Shaughnessy, specially objected to as not being admissible under count 4, as to which it was offered, was nevertheless admissible as to intent under the rule above stated, and the refusal of the court to strike it out, because not relating to the date charged in the particular count, was without error, notwithstanding a directed verdict on that count for want of specific evidence to sustain it.

These are the only assignments requiring notice. There is no error disclosed in the record, and the judgment should be affirmed.

It is so ordered.