## Meredith v. Commonwealth.

(Decided September 27, 1921.)

### Appeal from Edmonson Circuit Court.

1. Criminal Law—Misdemeanor—Intoxicating Liquors—Time of Commission of Offense—What the Indictment Should Allege and the Evidence Should Show.—The offense of selling intoxicating liquor in dry territory being a misdemeanor, the indictment should allege and the Commonwealth should prove, that the offense was committed within twelve months before the finding of the indictment.

2. Intoxicating Liquors—Sale in Dry Territory—Time of Commission of Offense—Sufficiency of Evidence.—Where, in a prosecution for selling intoxicating liquor in dry territory, the indictment was returned on November 17, 1920, and alleged that the offense was committed within one year before the finding of the indictment, evidence that the alleged sale took place "in the fall of 1919" was not sufficient to show that the sale took place after November 17, 1919.

MILTON CLARK for appellant.

CHARLES I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and JOHN H. GILLIAM for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant, Fred Meredith, was convicted of the offense of selling intoxicating liquor in dry territory.

One of the grounds urged for reversal is that the verdict is not sustained by the evidence. The point is well taken. The offense being a misdemeanor, it was necessary for the indictment to allege and for the Commonwealth to prove that the offense was committed within twelve months before the finding of the indictment. Williams v. Commonwealth, 18 Ky. L. R. 667, 37 S. W. 839; Commonwealth v. T. J. Megibben Co. 101 Ky. 195, 40 S. W. 694. The indictment, which was returned on November 17, 1920, contained the necessary allegation, but the only evidence offered by the Commonwealth was the statement of one witness that "in the fall of 1919" he bought one quart of whiskey from the defendant in Edmonson county and paid the defendant $3.00 therefor. As the fall season includes the months of September, October and November, it necessarily follows that evidence that a particular offense was committed in the fall does not prove beyond a reasonable doubt that it was committed after November 17.

We refrain from discussing the other errors assigned, as probably they will not occur on another trial.

Judgment is reversed and cause remanded for new trial not inconsistent with this opinion.