THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY GEORGE REISER, Appellant.

Third Department, January 23, 1934.

*Byrne, Jeram & Casey* [*William T. Byrne* of counsel], for the appellant.

*John T. Delaney, District Attorney* [*James J. McGuiness, Assistant District Attorney*, of counsel], for the respondent.

HEFFERNAN, J.   Appellant has come to this court from a judgment of the Albany County Court rendered June 26, 1933, convicting him of the crime of bigamy.

The indictment, which was returned by the grand jury at the January, 1933, term of the Supreme Court, accused him of unlawfully marrying one Magdalena Pauline Binschoff on November 28, 1923, at Albany, N. Y., while he was the lawful husband of Theresa Olander to whom he was married in the same city on April 17, 1899.

The only questions involved here are whether or not the offense of which the accused has been convicted is barred by the Statute of Limitations and whether or not such question was properly raised in the trial court, and the sufficiency of the indictment.

Bigamy is not a continuing offense; the crime is committed the instant the second ceremonial marriage is consummated.   Cohabitation under the second marriage is not requisite.   (7 C. J. 1162; 3 R. C. L. 804; *Gise* v. *Commonwealth*, 81 Penn. St. 428; *Beggs* v. *State*, 55 Ala. 108; *Hopson* v. *State*, 115 Tex. Crim. 260; 30 S. W. [2d] 311.)

At the time of the bigamous marriage the Code of Criminal Procedure (§ 142) provided that " an indictment for a felony, other than murder, must be found within five years after its com-

mission, except where a less time is prescribed by statute." Section 143 of the Code, as it then read, was to the effect that if the defendant was without the State when the crime was committed the indictment might be found within the time limited after his return to the State, "and no time during which the defendant is not an inhabitant of or usually resident within the State or usually in personal attendance upon business or employment within the State is part of the limitation."

These sections were amended in 1929, but the changes have no application to this case.

The indictment before us charges in unmistakable language that the crime of bigamy was committed ten years before its finding. Not only that, but the prosecution established conclusively as part of its case that during the running of the statute and up to the time of the trial appellant, under his own name, had lived in Albany continuously. Appellant was sworn as a witness in his own behalf and admitted that he had married the two women in question.

The assistant district attorney, who argued this case with commendable skill and ability, contends that appellant, by failing to assert the Statute of Limitations as a defense until after the jury rendered its verdict, has waived it and that such question is not presented on a motion in arrest of judgment. In support of his position he relies on *People* v. *Blake* (121 App. Div. 613; affd., 193 N. Y. 616). We think that case is clearly distinguishable.

It is true that in the instant case appellant did not in so many words state that he was relying on the statute as a defense until sentence was about to be pronounced. His trial was not complete, however, until judgment was rendered.

We think the issue was also raised by the plea of not guilty, by the motion made by appellant's counsel at the close of the People's case and renewed at the conclusion of the evidence for the dismissal of the indictment and the discharge of his client on the ground that the proof did not show that he was guilty of the charge therein set forth.

A general objection that the facts proven do not constitute a crime challenges the existence of every fact necessary to establish a crime. In a criminal prosecution the Statute of Limitations may be raised under the general issue. The People must then show beyond a reasonable doubt that the *prima facie* bar of the statute is for some reason unavailing to the defendant. (*People* v. *Brown*, 238 App. Div. 155.) There is nothing in this record to indicate that appellant intended to waive any right. The statute had washed away his guilt and decreed that the mantle of oblivion should cover his offense. The facts stated in the indictment, and

supported by the proof, did not constitute a crime against appellant because the law had declared an amnesty. Upon the trial it was shown conclusively that there was no existing crime of bigamy for which appellant could be called to account. By act of grace on the part of the State he was immune from prosecution or punishment. When these facts appeared it was the duty of the trial judge to direct his discharge. The motion in arrest of judgment was proper because it then clearly appeared that there was not sufficient evidence to convict appellant of any crime. The court lacked jurisdiction to pronounce sentence.

In the *Blake* case the defendant never raised the question of the Statute of Limitations on the trial. Neither in the motion to dismiss the indictment nor in the motion for an arrest of judgment was there any suggestion regarding the statute. It was presented for the first time on appeal. In affirming the judgment of conviction in that case the Court of Appeals significantly remarked that it did so " upon the ground that no question as to the Statute of Limitations was sufficiently raised upon the trial."

In the case under review the appellant definitely presented the objection before the trial was concluded in his motion in arrest of judgment.

There is another reason why this judgment cannot stand. The indictment itself is fatally defective. The Code of Criminal Procedure (§ 280) provides that " the precise time at which the crime was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, *except where the time is a material ingredient in the crime.*" In this case by reason of the Statute of Limitations time " is a material ingredient in the crime." Here the indictment found in 1933 charges appellant with the commission of the crime of bigamy in 1923. It thus appears that the crime charged was barred by the Statute of Limitations when the indictment was returned. That being so, it was necessary in order to charge appellant with the crime of bigamy to allege in the pleading that he had been without the State within the meaning of the provisions of section 143 of the Code of Criminal Procedure. Not only did the indictment contain no such allegation but the proof established that appellant was not within the exception. The general rule is that, in the absence of a statute providing otherwise, the indictment will be considered to be fatally defective, on the ground that it does not appear that the prosecution of the crime charged was not barred by the Statute of Limitations at the time the indictment was found. (14 R. C. L. 180; *State* v. *Ball*, 30 W. Va. 382.) Where the time within which an offense may be prosecuted is limited by statute,

the time of the act averred in the indictment should appear to be within such limit; or it should be alleged that the time of the act was within such limit. (31 C. J. 683, and cases therein cited.)

Thus it has been determined that in the application of the rule that every fact essential to a description or statement of the offense should be averred, an allegation of a day within the period of limitation is material, whenever the offense is subject to limitation. (Joyce Indictments [2d ed.], § 387; *Bold* v. *United States*, 265 Fed. 581; *Meredith* v. *Commonwealth*, 192 Ky. 377; 233 S. W. 793; *Posey* v. *Commonwealth*, 194 Ky. 483; 240 S. W. 91; *State* v. *Colvin*, 284 Mo. 195; 223 S. W. 585.) Where there are facts which operate to avoid the bar of the statute, the true date of the offense should be alleged, followed by allegations which would avoid the bar of the statute as an excuse for not having returned the indictment sooner. (Joyce Indictments [2d ed.], § 383; 31 C. J. 673, and cases therein cited; *State* v. *Drum*, [Mo.] 217 S. W. 23; *State* v. *Bilbo*, 19 La. Ann. 76; *State* v. *Peirce*, Id. 90; *State* v. *Snyder*, 182 Mo. 462; 82 S. W. 12; *State* v. *Meyers*, 68 Mo. 266; *Blackman* v. *Commonwealth*, 124 Penn. St. 578; *Hickman* v. *State*, 44 Tex. Cr. 533.)

The prosecutor argues that there is a presumption that the indictment was properly found by the grand jury and that consequently the court had jurisdiction. He cites as authority for his reasoning *People* v. *Blake* (*supra*). A sentence supporting the argument is found in the opinion of Presiding Justice PATTERSON. Two of the justices sitting in the case vigorously dissented from that proposition and the remaining two expressed no opinion on the subject. In its affirmation the Court of Appeals did not consider the question. Surely that case cannot be considered as an authority. There is no duty on a defendant to show that he has not been a fugitive from justice during the time that has elapsed between the commission of the crime and the finding of the indictment. The People proved in this case that appellant was a resident of Albany county when the crime was committed. The rule is well established that under such circumstances the presumption arises that he has continued to be a resident. The law presumes a continuance of the condition until it is shown to have been changed. (*Nixon* v. *Palmer*, 10 Barb. 175; *Mitchell* v. *United States*, 21 Wall. 350; *Harris* v. *Harris*, 83 App. Div. 123.) Not only is there a presumption here but the People have conclusively shown that there was no change.

Appellant's motion in arrest of judgment specifically presented the question as to the sufficiency of the indictment. It is absolutely essential that the indictment should charge a crime committed within the statutory period of limitations. The allegations con-

tained in the indictment under review do not constitute a crime and consequently the court should have arrested judgment.

The judgment of conviction should be reversed, the indictment dismissed and appellant discharged.

McNAMEE, J., concurs to reverse the judgment, dismiss the indictment and discharge the defendant, with a memorandum; CRAPSER, J., concurs in the result; HILL, P. J., and BLISS, J., dissent.

McNAMEE, J. (concurring). I vote to reverse the judgment, dismiss the indictment, and discharge the defendant.

The indictment is found more than five years after the offense charged, and the prosecution not only did not question but established that the defendant was living openly within the jurisdiction and the county during the whole of that period, thus proving a complete defense. (*People* v. *Brown*, 238 App. Div. 155.) If a proper motion had been made at any time during the trial the court would have directed a verdict of acquittal. The question was raised in arrest of judgment, and timely. Judgment may be arrested as specified in the Code of Criminal Procedure (§§ 331, 467, 481); but these sections do not provide the full measure of the power of the court to arrest judgment. Analogously, and in innumerable decisions it has been held that an indictment will be dismissed on grounds other than those specified in section 331 of the Code of Criminal Procedure, when the constitutional rights of a defendant are involved. In the exercise of its inherent power, the court may and should arrest judgment to avoid the results of clear mistake or to avoid a miscarriage of justice. An instance calling for the exercise of this power would arise if the trial of an indictment had proceeded to conviction on a case of mistaken identity of the defendant; another would be when it was admitted or became evident that the crime charged had not been in fact committed. In either event judgment would be arrested although the language of the Code does not provide for these or similar misfortunes. This court should do now what the trial court should have done, and should grant the motion in arrest of judgment. (*People* v. *Goldfarb*, 152 App. Div. 870.)

Judgment of conviction reversed, indictment dismissed and appellant discharged.