THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH STEIGER, Defendant.

Court of General Sessions, New York County, February 18, 1935.

*William Copeland Dodge, District Attorney [Aaron Feinberg, Assistant District Attorney, of counsel], for the plaintiff.*

*Howard L. Harawitz, for the defendant.*

FRESCHI, J. Grand larceny is charged against the defendant in the indictment here filed October 18, 1933, in which the crime is alleged to have been committed on August 8, 1928. Obviously, five years and seventy-one days had elapsed at the time the indictment was found; and the Statute of Limitations is now invoked by the defense under the general issue by virtue of his plea of not guilty in bar of this prosecution. A prosecution for a felony, other than murder, must be commenced within five years after its commission. (Code Crim. Proc. § 142.) The prosecutor challenges the contention of the defendant by relying upon sections 144 and 144-a of the Code of Criminal Procedure, predicating his argument upon a proceeding initiated in the Magistrates' Court prior to the expiration of the statutory period.

Complaint on this charge was originally filed on June 4, 1933, before a city magistrate, and after numerous adjournments an examination was held and the proceedings were concluded on August 26, 1933, by the dismissal of the complaint and the discharge of the defendant, eighteen days after the expiration of the statutory limitation. This determination, so far as the magistrate was concerned, constitutes a termination of that particular prosecution. (*People* v. *Dillon*, 197 N. Y. 254, 256.) The district attorney makes, however, the claim that the prosecution having been commenced when an information was laid before a magistrate charging the commission of this crime within the meaning of the provisions of the Code of Criminal Procedure (*supra*), regarding the time of commencing criminal actions and which places a limit of time thereon, the period from June 4, 1933, to August 26, 1933, a total of eighty-three days, the time during which such prosecution was pending should not be computed as part of the time limitation prescribed for the offense. If support in law can be found for this contention, then the filing of the indictment in the instant case took place before the bar of the Statute of Limitations had operated against it. The contention is untenable under the peculiar circumstances of this case, since there was no holding to answer before the grand jury by the magistrate. Had there been a holding of the accused to await the action of the grand jury by the magistrate resulting in an indictment being presented thereon, or if the grand jury on its own initiative, pending the examination before

the committing magistrate and prior to the termination of his proceedings, had presented and filed an indictment for the particular offense then being examined, unquestionably the Statute of Limitations could not successfully be pleaded in bar to the prosecution of this criminal action, although the presentation and filing of such indictment occurred after the five-year period. The reasons for this are plain. The magistrate is divested of his jurisdiction over the case so far as his unfinished examination is concerned when the grand jury finds an indictment. Accusations for crime may, even in the first instance, be presented before a grand jury (Code Crim. Proc. § 252; *People* v. *Joslin,* 129 Misc. 790, at p. 791); and the right of the People to commence proceedings for the punishment of crimes, before the grand jury, cannot be taken away by implication in the absence of direct and positive prohibition (*French* v. *People,* 3 Park. Crim. Rep. 114, at p. 124); nor is a preliminary examination necessary to an indictment. (Joyce Indictments, § 63.) The pendency of the investigation before the magistrate when the indictment is found is no ground to quash it. (*People* v. *Horton,* 4 Park. Crim. Rep. 222, at p. 223.) The sole object of the inquiry is to ascertain sufficient reasons to justify the holding of the accused until the matter has been presented and passed upon by the grand jury. Even the discharge of the magistrate is in no degree final and effective (*People ex rel. Phelps* v. *Westbrook,* 12 Hun, 646, at p. 647) and, generally, it is well-settled law that a subsequent prosecution for the same offense may be commenced even though the magistrate has discharged the defendant. (*People* v. *Dillon, supra,* at p. 259.)

The power of the magistrate to hold a preliminary examination does not oust the grand jury of its power to investigate; and in *People* v. *McCarthy* (59 App. Div. 231) the court stated that the power of indictment finds expression in section 252 of the Code of Criminal Procedure, which was merely declaratory of the common law and that said section provides that the grand jury shall have power, and it is made their duty, to inquire into all crimes committed or triable in the county and to present them to the court.

The finding of an indictment, of course, supersedes the jurisdiction of a committing magistrate who may have the examination before him. (*People* v. *Molineux,* 27 Misc. 60.) If there had been continuity in the criminal prosecution commenced before the magistrate in this case within the five years and the filing of the indictment on October 18, 1933, the time spent in prosecuting the case before the magistrate would have run against the Statute of Limitations and there could have been no sound reason for a plea in bar. In such case the preliminary examination would have

related to and been connected with the indictment; but, on the other hand, the fact here is that the prosecution in the Magistrates' Court did not result in an indictment and was terminated months before a new prosecution was started. Therefore, one prosecution must be held to be independent of the other. There is a separate individuality about each of these two distinct prosecutions. From August twenty-sixth up to October eighteenth no action was taken looking to the rearrest of the defendant by those interested in his prosecution. Notwithstanding these facts, the district attorney believes the case comes within the exception extending the Statute of Limitations sixty days under section 144-a of the Code, which reads: " If a prosecution be commenced within the time limit therefor, and, on motion or on appeal, the indictment be set aside or dismissed for want of prosecution or otherwise, or a demurrer to the indictment be allowed with directions that the case be resubmitted to the grand jury, or a motion in arrest of judgment be granted and the defendant be recommitted to answer a new indictment, the time during which the prosecution was pending shall not be computed as part of the time of the limitation prescribed for the offense, provided a new prosecution for the same offense be commenced within sixty days after the order is entered."

No case construing these provisions of the Code has been brought to my notice and none has been found; and, hence, I assume that the question presented on this trial is a novel one.

No one will question that the Statute of Limitations begins to run on the day of the commission of the offense, which is here laid as of August 8, 1928; that liability to criminal prosecution comes to an end upon the expiration of the statutory period, and that the purpose of the statute in criminal actions is to afford immunity from punishment. (*People ex rel. Reibman* v. *Warden, etc.,* 242 App. Div. 282, at p. 284.) This latter statute under consideration has plainly enlarged the power of the grand jury to reindict within sixty days where a defendant has been recommitted to answer to a new indictment for the reasons provided in the Code, and only in such cases. Here no indictment was dismissed or set aside, nor was a demurrer allowed or motion in arrest of judgment granted; and the defendant was never committed to answer a new indictment so as to affect the running of the Statute of Limitations.

The rule of liberal construction must be invoked in favor of the defendant. (*People* v. *Lord,* 12 Hun, 282; *People* v. *Bailey,* 103 Misc. 366; *People* v. *Hagan,* 138 id. 771; affd., 235 App. Div. 784.)

The fair intendment from the context of the last-quoted section of the Code is that the " prosecution " referred to in sections 144 and 144-a is one which originated with the indicting body or which

commenced in the Magistrates' Court within the time limit therefor, and carried through into an indictment, forms the necessary basis for all criminal trials for infamous crimes. (N. Y. Const. art. 1, § 6.) The word "indictment" in section 144-a is not inclusive of the "information" mentioned in section 145 of the Code of Criminal Procedure, and certainly does not refer to and is not synonymous with "information" in section 144. It is clear that the dismissal of an information by a magistrate is not tantamount to a dismissal of an indictment, etc., under section 144-a; and the extension of the time limit based upon the order of dismissal of an indictment does not apply to or operate after the dismissal of an information by the magistrate. Section 144-a (*supra*) relates exclusively to procedural matters affecting indictments only when the prosecution has been commenced as stated. An indictment cannot legally be found and filed after the magistrate's dismissal of his information subsequent to the expiration of the five years from the date of the offense and thus bar the operation of the statute within the provisions of section 144-a of the Code of Criminal Procedure. "An offense is public property, and * * * the law has prescribed the time for which the right to prosecute it shall remain. Delay in bringing it forward is a strong discrediting circumstance against the verity of the charge." (*People* v. *Strong*, 1 Abb. Pr. [N. S.] 244, at p. 247.)

The People have failed to show beyond a reasonable doubt that the *prima facie* bar of the statute is for some reason unavailing to the defendant. (*People* v. *Brown*, 238 App. Div. 155, 157.) The authorities have two ways open to them to prevent the action being barred within the provisions of the statutes now in existence: (1) To initiate within five years a magistrate's examination resulting eventually in an indictment; or (2) to procure an indictment in the first instance before the expiration of that period. Furthermore, where the prosecution claims that the defendant comes within any of the exceptions of the Statute of Limitations, it is incumbent upon the People to allege it in the indictment, and sustain it by proof, thus avoiding the bar of the statute as an excuse for not having returned the indictment sooner. (*People* v. *Reiser*, 240 App. Div. 36.) Courts are required to disregard irregularities that do not affect substantial rights. Forms of law must be respected where private rights are involved; and an indictment must be legal in form and substance to be valid and have force. (2 Kent Com. 12.) The indictment in the case at bar contains no allegation whatsoever regarding the commencement of a prosecution before a magistrate. This is a defect in a substantial particular, since the grounds to take the case out of the operation of the Statute

of Limitations are not set forth and specified. (*People* v. *Reiser*, *supra*.) This is essential; and the omission is vital. There is no precedent in this judicial department upon this subject; and, therefore, the writer feels constrained to follow the rule of the Appellate Division of the Third Department in the *Reiser* · case. (See, also, *People* v. *Devinny*, 227 N. Y. 397; *People* v. *Kaplan*, 143 Misc. 91.)

Under the undisputed present circumstances, the alleged offense was perpetrated more than five years previous to the indictment of this defendant (Cited on principle, *People* v. *Van Santvoord*, 9 Cow. 655) and the complaint was submitted to the grand jury too late. Since the offense should be laid on a day not barred by the Statute of Limitations, and, after considering all the exceptions, I am of the opinion that by operation of law this action is barred and, therefore, the defense must be sustained. The motion to dismiss the indictment and for a direction of acquittal must be granted.

It is ordered accordingly.