THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* IVAN HESS, Defendant.

County Court, Schuyler County, April 2, 1955.

*Archie R. Lape* for defendant.

*Liston F. Coon, District Attorney,* for plaintiff.

ARGETSINGER, J.   Motion by the defendant to dismiss the indictment found against the defendant charging him with bigamy, on the grounds (1), that " the indictment is defective on its face for the reason that the indictment sets forth an alleged crime committed in the State of Tennessee, and outside of the territorial jurisdiction of the State of New York ", (2), that " the Court is without jurisdiction to try the defendant for a crime in which it is found it is committed outside of the State of New York " and (3), that " the indictment has been returned by the Grand Jury without sufficient legal evidence being submitted to the Grand Jury to warrant the finding of an indictment ", and the defendant requests the right to inspect the minutes of the Grand Jury to determine whether there was sufficient legal evidence to warrant the Grand Jury in finding that the crime of bigamy had been committed by the defendant.

On the motion to be permitted to examine the minutes of the Grand Jury it was argued that the wife of the bigamous marriage had been advised of her rights to refuse to answer any questions which might incriminate her (as a consort under Penal Law, § 343) and, since she was called before the Grand Jury to testify it was believed that her testimony was illegally received in an indictment which, without her testimony, could not have been legally found.   The court has examined the minutes of the Grand Jury and concludes that, if it is found that it is proper to indict for bigamy committed in another State, the legal evidence presented before the Grand Jury is adequate and sufficient and the motion to examine the minutes of the Grand Jury is denied.

The facts in the case are briefly that the defendant was married on or about April 7, 1954, at Memphis, Tennessee, having, at that time, a wife still living. The indictment charges that "The defendant on or about the 7th day of April, 1954, having at the time a wife living named Anna Belle Hess, married Myrtle Berry, at Memphis, Tennessee, and thereafter, while so married to said Myrtle Berry, did cohabit with her in the County of Schuyler and on or about the 4th day of January, 1955, was arrested in the County of Schuyler on said charge of bigamy".

We now come to the question as to whether the State of New York, under color of sections 340 and 342 of the Penal Law, can indict and prosecute an offense of bigamy committed in another State.

It is contended by the counsel for the defendant that, since the defendant's bigamous marriage was performed in Memphis, Tennessee, no offense was committed against the People of the State of New York and that the crime was committed in the State of Tennessee and could be prosecuted only in that State, the State of New York having no extraterritorial jurisdiction over such a crime where it is committed in another State and not in New York State. The moving papers of the defendant thoroughly cover this question citing a number of cases.

It is argued by the District Attorney, citing cases, that the case of *People* v. *Mosher* (2 Parker Cr. Rep. 195), cited by the defendant is not an authority in this case and reference is had to section 2033 of Wharton on Criminal Law (Vol. 2, pp. 2348–2349), where an historical statement is made with respect to the British laws applicable to a bigamous second marriage. This section contains the following statement: "By the statute of James the trial could be had only in the place in which the second marriage was solemnized, for the old common-law reason that the *locus delicti commissi* has sole jurisdiction of the offense. A man, therefore, could go abroad and marry a second wife, his first still living in England, and bring with impunity the second wife to the very place where the first resided. To meet this was passed the 9 Geo. IV, chap. 31, § 22, which provides that in case of a bigamous second marriage the offense may be dealt with, where the offender is a British Subject, ' in the county where the offender shall be apprehended or be in custody, as if the offense had been actually committed in that county '. In some of the United States a similar statute has been enacted; in others a ' continuance ' in a bigamous state is made indictable, no matter where the second marriage was solemnized. But when the act of bigamous marriage is made the subject of indictment,

then at common law the place of such act has exclusive jurisdiction."

The similarity of the wording of the English statute (9 Geo. IV, ch. 31, § 22) is pointed out by the District Attorney from which he argues that our statute is an offspring of the English statute and the intent of the New York State Legislature was to give this State jurisdiction of one who commits a bigamous marriage in another State and is arrested and charged therewith in New York State. With this I cannot agree. The various States of the United States are not analogous to the counties in England but, rather, each of the several States of the United States are, in my opinion, analogous to England, in that they are divided into counties or subdivisions similar to counties. Furthermore, the United States Government exists under the United States Constitution which specifically reserves to each State of the Republic all the rights not granted to the United States and this reservation to the States includes the right to organize individual State Governments with State Legislatures and adopt individual State Constitutions and laws and to exercise police powers within the State so long as the Constitutions of the individual States and the laws passed by the Legislatures of the individual States are not in derogation of the provisions of the United States Constitution which establishes our framework of government.

The Sixth Amendment of the United States Constitution provides that " In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law ".

In the case of *People* v. *Mosher* (2 Parker Cr. Rep. 195–196), where the defendant married a wife in Pennsylvania and lived with her in that State for several years and then went to Canada and married another woman, his first wife still living in Pennsylvania, and then came to Orleans County in New York State where he was arrested and indicted for bigamy, Supreme Court Justice ALLEN, County Judge CURTIS and the Justices of the Sessions held that " the laws of this state had no extraterritorial force, and that the second marriage in Canada was not therefore an offence against the laws of this state; and although the marriage was void by the law of the place where it was entered into, the subsequent cohabitation of the parties within this state was merely an offence against good morals, but was not indictable as a crime." The court further commented that " The statutory provision, to the effect, that an indictment may be

found against any person, for a second or other prohibited marriage, in the county in which such person shall be apprehended, and like proceedings had as if the offence had been committed therein, merely regulates the venue or place of trial, and does not enlarge the jurisdiction of the State courts, or give them cognizance of offences committed without the state. It presupposes an offence to have been committed within the state against the laws of the state and regulates the place of trial.

" The statute which defines the jurisdiction of criminal courts (2 R. S. 697, § 1) restricts their jurisdiction to offences and crimes committed within the boundaries of the state. (1 R. S. 65, § 1.) An attempt of the legislature to subject individuals to trial and punishment within this state, for acts done without the territorial limits of the state would be fruitless and the legislation designed to accomplish the purpose would be simply void."

Reference is also had to the case of the *People* v. *Merrill,* in an opinion by Justices ALLEN, JAMES and BOCKES, Supreme Court, Essex General Term (2 Parker Cr. Rep. 590), in which there is dicta to the effect that a State has no jurisdiction of crimes committed beyond its territorial limits (see pp. 597, 603).

Attention is also invited to the case of *Van Voorhis* v. *Brintnall* (86 N. Y. 18, 30–31), a Court of Appeals decision, in which the court comments on the *Mosher* case (*supra*), as follows: " In proximity to the provisions I have quoted, in the next article (§ 8) is the statute ' of unlawful marriages,' defining bigamy and declaring its punishment; saying in general terms, ' every person having a husband or wife living who shall marry any other person ' (with exceptions of no moment here) shall be adjudged guilty of bigamy, providing (§ 10) that ' an indictment may be found against any person for a second, third or other marriage herein prohibited, in the county in which he shall be apprehended, and the same proceedings had thereon " as if the offense had been committed therein." ' Yet there are no enlarging words affixing themselves to the person of the citizen as in the statute before quoted, or bringing within its purview ' a second or other marriage ' contracted out of the State. And, therefore, on the trial of one who was indicted for bigamy, the second marriage having taken place in Canada, it was held, as early as 1855, by a court presided over by the late Judge W. F. ALLEN, then a justice of the Supreme Court, that this statute had no application, that the second marriage was not an offense against the laws of this State, because they had no ' extra-territorial force.' (*The People* v. *Mosher,* 2 Par. Cr. Rep. 195.) In

like manner, if Barker Van Voorhis had on his return to this State after accomplishing his second marriage, been indicted under the statutes to which I have referred, either for bigamy or for doing a prohibited act, it would necessarily follow that the indictment would fail. Yet the words of the statute are general; in themselves they contain no limitation. But we have been referred to no case, and I think none can be found, where such general words have been interpreted so as to extend the action of a statute beyond the territorial authority of the legislature; and it is only by extending it that our courts can take cognizance of acts there committed.''

The present section 342 of the Penal Law provides that '' An indictment for bigamy may be found in the county in which the defendant is arrested, and the like proceedings, including the trial, judgment, and conviction, may be had in that county, as if the offense were committed therein.'' This is the section upon which the District Attorney relies for the contention that the State has jurisdiction in this case even though the offense was committed in the State of Tennessee. However, I can find no authority in the decisions or in the law which would justify such an interpretation and decision that an offense committed in the State of Tennessee, to wit, bigamy, is an offense against the People of the State of New York and, therefore, indictable and triable in the State of New York.

Consideration has also been given to the question as to whether or not there is authority for holding that sections 340 and 342 of the Penal Law were enacted by the Legislature with the intent that the crime of bigamy committed in another State should be considered as a continuing offense when the parties removed to this State and lived here as man and wife under color of the bigamous marriage performed in another State and, therefore, could be considered as an offense against the People of the State of New York. A careful search of the cases and examination of the laws in question disclose no such intent and it is my opinion that in the absence of language spelling out such intent, a decision that such intent existed would be tantamount to the court writing language into the law which does not exist and performing a legislative act which is solely within the realm of our State Legislature.

Therefore, I find, in accordance with the previous cases cited and, in the absence of authority to the contrary, that the commission of the crime of bigamy by defendant Ivan Hess in the State of Tennessee is not an offense against the People of the State of New York and that the State of New York has no jurisdiction and the indictment should be, and hereby is, dismissed.