THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* IVAN HESS, Respondent.

Third Department, November 16, 1955.

*Liston F. Coon, District Attorney,* for appellant.

*Archie R. Lape* for respondent.

ZELLER, J. A Grand Jury of Schuyler County charged the defendant with the crime of bigamy by an indictment reading as follows: " The defendant on or about 7th day of April, 1954, having at the time a wife living named Anna Belle Hess, married Myrtle Berry, at Memphis, Tennessee and thereafter, while so married to said Myrtle Berry did cohabit with her in the County of Schuyler and on or about the 4th day of January, 1955, was arrested in the County of Schuyler on said charge of bigamy." Upon motion of the defendant, this indictment has been dismissed upon the ground that the facts alleged do not constitute the crime of bigamy under the laws of the State of New York.

Section 340 of the Penal Law provides that " [a] person who, having a husband or wife living, marries another person, is guilty of bigamy ". Section 342 reads: " An indictment for bigamy may be found in the county in which the defendant is arrested, and the like proceedings, including the trial, judgment, and conviction, may be had in that county, as if the offense were committed therein ".

One hundred years ago, the statutes from which these sections were derived were considered by Oyer and Terminer (Orleans

Co., May, 1855) in the case of *People* v. *Mosher* (2 Parker Cr. Rep. 195). In that case, the defendant, who had been validly married in Pennsylvania and whose wife was still living, went to Canada and married another woman. Thereafter, the defendant and the woman with whom he attempted to contract the second marriage took up residence in Orleans County where he was indicted for bigamy. The court, in acquitting the defendant, held that the bigamous marriage took place in Canada and, therefore, was not a crime against the laws of this State. The court reached the conclusion that the statutory provision that an indictment for bigamy may be found in the county in which such person shall be apprehended and trial had therein, as if the offense had there been committed, merely regulated the place of trial of an indictment for bigamy committed in this State and did not give the courts of this State jurisdiction over crimes committed elsewhere.

The *Mosher* case has never been overruled but, on the contrary, has been cited with approval by the appellate courts of this State. See *Van Voorhis* v. *Brintnall* (86 N. Y. 18, 31) and *Matter of May* (280 App. Div. 647, 649). To us it seems sound law today.

Section 340 of the Penal Law makes the act of marrying while having another spouse living the gist of the offense. In *People* v. *Reiser* (240 App. Div. 36, 37) we said: " Bigamy is not a continuing offense; the crime is committed the instant the second ceremonial marriage is consummated. Cohabitation under the second marriage is not requisite. (7 C. J. 1162; 3 R. C. L. 804; *Gise* v. *Commonwealth,* 81 Penn. St. 428; *Beggs* v. *State,* 55 Ala. 108; *Hopson* v. *State,* 115 Tex. Crim. 260; 30 S. W. [2d] 311.)" In our view, a person is not guilty of bigamy because he lives in this State with the partner to an illegal second marriage contracted elsewhere. A similar view is also taken by the majority of the States of this country. (10 C. J. S., Bigamy, § 5, subd. a.)

There is nothing to indicate that the New York State Legislature intended to make a bigamous marriage contracted outside of our territorial limits an offense against our laws. When our lawmakers have desired to make an act committed outside of this State punishable herein, they have plainly said so. For instance, in the article prohibiting dueling, the Legislature has provided: " A person who leaves this state with intent to elude any provision of this article, or to commit any act without this state, which is prohibited by this article, or who, being a resident of this state, does any act without this state, which would be

punishable by the provisions of this article, if committed within this state, is guilty of the same offense, and subject to the same punishment, as if the act had been committed, or was to have been consummated within this state." (Penal Law, § 735.) Similar language is also employed in the article prescribing punishment for certain acts pertaining to prize-fighting and sparring. (Penal Law, § 1713.) It is our opinion that the Legislature in providing that an indictment for bigamy may be found, and the defendant tried, in the county where the defendant is arrested, did no more than fix the venue of offenses committed within this State and did not confer extraterritorial jurisdiction upon our courts.

The English case of *Regina* v. *Topping,* decided in 1856 (7 Cox C. C. 103, 169 Eng. Rep. R. 881) relied upon by the District Attorney, is distinguishable from this case and the *Mosher* case. Topping was a British subject who resided in England with his wife. He journeyed to Scotland, there married a woman while his wife was still living, and then returned to England where he was convicted of bigamy. The Criminal Court of Appeal affirmed the conviction holding that in the case of a bigamous second marriage the offense may be dealt with, where the offender is a British subject, in the place where the offender is apprehended or in custody, as if the offense had been there committed. But the statute the English court had under consideration (9 Geo. IV, chap. 31, § 22) differs from any enacted in this State. The English statute provided: "And be it enacted, That if any Person, being married, shall marry any other Person during the Life of the former Husband or Wife, whether the Second Marriage shall have taken Place in England, or elsewhere, every such Offender, and every Person counselling, aiding, or abetting such Offender, shall be guilty of Felony, * * *; and any such Offense may be dealt with, enquired of, tried, determined, and punished in the County where the Offender shall be apprehended or be in Custody, as if the Offense had been actually committed in that County: Provided always, that nothing herein contained shall extend to any Second Marriage contracted out of England by any other than a Subject of His Majesty ". It is clear that Parliament intended to make it a crime for a British subject to contract a bigamous marriage no matter where contracted.

Although the crime of bigamy does not embrace bigamous cohabitation or living in a bigamous state, nevertheless a person who intimately cohabits in this State with a member of the

opposite sex while married to a third person is not immune from prosecution. Such conduct is made criminal by other provisions of the Penal Law.

The order should be affirmed.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order affirmed.