Anthony K. Pomilio, J.
The defendant, William Y. Quinn, was indicted for the crime of grand larceny in the first degree in that he appropriated for his own use funds belonging to one Julia A. Merron, for whom he was attorney in fact.
A motion by the defendant to inspect the minutes of the Grand Jury which indicted him and to obtain a copy of the minutes was denied by this court. Defendant has now moved to dismiss the indictment on the basis that the alleged crime is barred by the Statute of Limitations.
One of the arguments made by the defendant in support of the motion to inspect the minutes was to ascertain whether the Statute of Limitations had run as to the defendant’s alleged crime as set forth in the indictment. This was based on section 142 of the Code of Criminal Procedure which sets forth the Statute of Limitations for the commission of grand larceny by a fiduciary as follows: “ provided, however, that a prosecution for larceny committed by a person in violation of his duty as fiduciary may be commenced within five years, if a felony, and within two years, if a misdemeanor, after the facts constituting the crime have been, or, in the exercise of reasonable *164 diligence, should have been discovered (a) by one of the persons injured or defrauded, if a competent adult, or (b) by his legal representative not a party to the larceny, if the person injured or defrauded was an incompetent at the time of the commission of the larceny, or became incompetent before he discovered or should have discovered the facts constituting the crime ’ ’.
Applying this statute to the present case, this court stated that the question of when the alleged larceny by the defendant was or, in the exercise of reasonable diligence, should have been discovered by Albert F. Bacon, appointed committee for Julia A. Marrón, the incompetent, was one of fact to be determined at the trial of this matter. This court also cited People v. McCann (166 Misc. 269, 270) to the effect that' the Statute of Limitations was a defense to be presented upon the trial.
Defendant now contends in his moving papers that there is nothing compulsive that the motion, to dismiss the indictment on the basis that it is barred by the Statute of Limitations, should be withheld until trial. Defendant cites various cases in support of his motion for dismissal of the indictment. The court will review these cases.
A presumption exists that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary (People v. Glen, 173 N. Y. 395, 403). ■
The indictment in this case alleges a crime which on its face occurred within the Statute of Limitations quoted above. The statute in this situation begins to run only when “ the facts constituting the crime have been, or, in the exercise of reasonable diligence, should have been discovered (a) by one of the persons injured or defrauded, if a competent adult, or (b) by his legal representative not a party to the larceny, if the person injured or defrauded was an incompetent at the time of the commission of the larceny, or became incompetent before he discovered or should have discovered the facts constituting the crime ’ ’.
The Statute of Limitations in this instance is determined not by the date the alleged crime actually occurred, but by the date when the alleged crime was discovered or should, in the exercise of reasonable diligence, have been discovered as provided by the statute.
The cases cited by the defendant in support of his motion all involve indictments, which on their face alleged crimes which were barred by the Statute of Limitations. Moreover, these 'cases lend little, if any support, to defendant’s contention that it is proper to raise the Statute of Limitations as a defense prior to trial except under general issue. These eases involve *165 situations where the Statute of Limitations was raised as a defense not before trial, but during trial.
In People v. Steiger (154 Misc. 538), a motion was granted to dismiss the indictment charging grand larceny and for direction of acquittal. The alleged crime occurred August 8, 1928. The indictment was filed October 18, 1933, more than five years later and after the Statute of Limitations had passed.
In People v. Brown (238 App. Div. 155) defendant on trial invoked the Statute of Limitations in a motion for dismissal. The motion was denied. On appeal, the judgment of conviction was reversed and the information dismissed. The indictment, on its face, as in People v. Steiger (supra) was for a crime barred by the Statute of Limitations, once it was raised as a defense.
An unusual question was presented in People v. Reiser (240 App. Div. 36). In this case, the indictment, in 1933, was for the crime of bigamy committed in 1923. The defendant was tried and convicted. The defendant did. not rely on the Statute of Limitations as a defense until sentence was about to be pronounced. The appellate court, holding that the defendant’s trial was not complete until judgment was rendered, reversed the judgment of conviction and dismissed the indictment.
This court has previously stated that the Statute of Limitations is a defense to be presented upon the trial. The cases cited by the defendant and discussed above serve only to confirm t.bis position and do not support defendant’s motion for dismissal of the indictment prior to trial because the Statute of Limitations has run. The motion is denied.