In the Matter of the Claim of RENE MACK, Respondent, v METROPOLITAN OPERA ASSOCIATION, INC., Appellant, and NIAGARA FIRE INSURANCE CO., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 4, 1976

*Lauterstein & Lauterstein (Henry W. Lauterstein* of counsel), for appellant.

*Stuart Shaw* for Rene Mack, respondent.

*Louis J. Lefkowitz, Attorney-General (Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

MAIN, J. This is an appeal from a decision of the Workmen's Compensation Board, filed January 30, 1975, which affirmed an award of double compensation against the employer pursuant to section 14-a of the Workmen's Compensation Law.

During its 1970-1971 season, the appellant employer engaged the 12-year-old claimant to appear in its children's chorus for opera performances in New York City and on its annual spring tour to various cities throughout the United States. Concededly, the employer obtained the consents required by the Education Law for the claimant's New York City performances as well as parental consent for his employment during the spring tour, and notice was given to the Society for the Prevention of Cruelty to Children in New York City, but the Mayor of New York refused to process any consent to claimant's performing outside New York City. While claimant was subsequently performing on the tour in

Detroit, Michigan, on May 24, 1971, he sustained an admittedly compensable accidental head injury which resulted in permanent facial scarring. Thereafter, a referee awarded him $1,500 in compensation benefits payable by the employer's insurance carrier and further determined that since the employer had not obtained the written consent of the Mayor of Detroit for claimant's performance in that city, as allegedly required by former section 3216-c of the Education Law (repealed by L 1971, ch 1017, § 4, eff April 1, 1972, incorporated in new section 3229, L 1971, ch 1017, § 9, eff April 1, 1972), it was in violation of the Labor Law and Education Law and consequently liable to claimant for an additional award of $1,500 pursuant to section 14-a of the Workmen's Compensation Law. As noted above, the board affirmed this decision and award of the referee.

On this appeal, the sole question presented is whether there is substantial evidence in the record to support the board's determination that, as a matter of law, claimant was illegally employed in violation of the Labor Law and Education Law so as to justify the double indemnity award. We find that there is not such substantial evidence and that claimant was not illegally employed. Accordingly, that portion of the board's decision awarding double indemnity must be reversed.

In our opinion, any fair reading of former section 3216-c of the Education Law would limit its application to the employment of minors within the State of New York. That statute provided in pertinent part that:

"C. Notwithstanding the foregoing provisions of subdivision A hereof, such a child may be employed, used or exhibited in any of the exhibitions, rehearsals or performances * * * to perform with written consent of a parent or guardian of such child and with the written consent of the mayor of the city where such performance or entertainment takes place and upon notice to the Society for the Prevention of Cruelty to Children, if there be one within the city as hereinafter prescribed. * * *

"D. Any violation of this section will be a misdemeanor."

Clearly, our State Legislature could not presume to impose upon the Mayor of the City of Detroit or of any other city without this State the duty of issuing written consents to the performance of minors within his jurisdiction. Moreover, where the Legislature has intended to make an act committed without this State punishable herein, it has "plainly said so"

*(People v Hess,* 286 App Div 617, 619), and nothing in the above-quoted statutory language indicates the presence of such an intent in this instance. Indeed, the present section 3229 (subd 8) of the Education Law, which deals with child performers and into which former section 3216-c was incorporated, indicates a contrary intent in that it specifically empowers "[T]he commissioner of education * * * subject to the approval of the board of regents, to adopt rules and regulations" relating to the issuance of child performer permits and, thus, would not apply to areas, such as Detroit, Michigan, beyond the jurisdiction of the State Education Department.

Accordingly, in light of all these circumstances, we conclude that the failure of the employer herein to obtain the consent of Michigan authorities for the employment of claimant in Detroit does not constitute a violation of former section 3216-c of the Education Law and that, therefore, the claimant was not illegally employed so as to be entitled to double compensation pursuant to section 14-a of the Workmen's Compensation Law.

The decision should be modified, by reversing so much thereof as awarded claimant double compensation pursuant to section 14-a of the Workmen's Compensation Law, and, as so modified, affirmed, without costs.

KOREMAN, P. J., SWEENEY, KANE and HERLIHY, JJ., concur.

Decision modified, by reversing so much thereof as awarded claimant double compensation pursuant to section 14-a of the Workmen's Compensation Law, and, as so modified, affirmed, without costs.