35 N.J. Super. 459 (1955)
114 A.2d 323
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JESUS ESTRADA, DEFENDANT.
Superior Court of New Jersey, Hudson County Court, Law Division (Criminal).
Decided May 16, 1955.
*460 Mr. Frederick T. Law, Prosecutor of the Pleas, attorney for the State (Mr. Isidore Hornstein, Assistant Prosecutor of the Pleas, of counsel).
Mr. Henry B. McFarland, attorney for defendant.
DREWEN, J.C.C.
This defendant was tried on an indictment for bigamy by the court sitting alone, a jury having been waived. Decision was reserved. The offense is alleged to have been committed at Union City on September 1, 1949. The indictment was presented January 5, 1953. The indictment contains a concluding allegation as follows: defendant "since the commission of the said crime being a fugitive fleeing from justice. * * *" Upon the truth of this averment the verdict depends, for unless the allegation has been proved beyond a reasonable doubt the statutory period of limitation must be held to have expired well before the indictment was presented.
At the time of the presentment the limitational period was defined in these terms:
"Except as otherwise expressly provided by law no person shall be prosecuted, tried or punished for any offense not punishable with death, unless the indictment therefor shall be found within 2 years from the time of committing the offense or incurring the fine or forfeiture. This section shall not apply to any person fleeing from justice." (N.J.S. 2A:159-2)
The 1953 amendment by which the limitational period was enlarged from two to five years has no present application since at the time of its adoption the limitational period formerly *461 provided had completely run in its relation to the offense sub judice. See Moore v. State, 43 N.J.L. 203 (E. & A. 1881).
The question before the court requires a determination whether the words "fleeing from justice" import more than mere absence from the jurisdiction. Had the Legislature intended to provide that defendant's withdrawal from the State after the commission of the offense alleged, followed by his continued absence therefrom, should suffice without more to halt the running of the statute, we must assume that it would have said so. Absence from the jurisdiction is mere status. In itself it connotes neither action nor intent, but "being a fugitive fleeing from justice" definitely does connote both action and intent. One becomes a fugitive in consequence of his flight, either flight from the jurisdiction or a state of concealment within it. Flight imports exigence, the exigent avoidance of arrest. It would appear that our courts have not had occasion to pass directly on the question. The allegation of flight contained in the indictment before us was construed in Renner v. Renner, 13 N.J. Misc. 749 (Ch. 1935), at page 761:
"The phrase `fleeing from justice' applies to a person who, having committed a crime, has removed from or secreted himself within the jurisdiction wherein the offense was committed with intent to avoid detection or prosecution; the statute ceasing to run in the meanwhile."
I believe that construction to be the true one and that I am obliged to follow it. In Ballentine's Law Dictionary (1930) "fleeing from justice" is defined as "a flight with the intention of avoiding being prosecuted, whether a prosecution has or has not been actually begun."
Whether defendant did flee from justice in the indicated sense, and thus halted the running of the statute, is a question of fact. Schlosser, Criminal Laws of New Jersey, sec. 159; State v. Greenberg, 16 N.J. 568, at 578 (1954). The prosecutor alleges that "the uncontradicted proofs in this case leave no room for doubt that the defendant * * * was *462 a fugitive from justice. * * *" That is true only if we take the phrase in question to mean no more than absence from the jurisdiction. It is my opinion that to say no reasonable doubt arises from the evidence adduced under this head would be to ignore the proofs entirely. There is nothing whatever in the case that shows defendant "fleeing from justice" and I do indeed have what I believe to be a well-founded and reasonable doubt that he did so. From first to last every detail of defendant's behavior accords not with consciousness of guilt and desire or intent to elude the consequences, but a state of mind that is entirely the opposite. His conduct evinces at all times complete unawareness of his having committed an act for which he was answerable in the law. In applying for the license to marry and in contracting marriage in this State, defendant identified himself and his New York residence correctly. We must assume that to be true since there is nothing in the proofs to the contrary. After the New Jersey marriage he returned directly to his New York home, remaining there for a protracted period. While there he continued his prior habits and movements which had caused him to appear openly in the neighborhood and to hold his usual converse with the other denizens thereof within his sphere of acquaintance. He patronized a local Spanish cinema, he visited the neighborhood park and there, on more than one occasion, saw and spoke with her who claims to be his lawful wife and who is the State's complaining witness in the present case. And he continued meanwhile to remit payments to her in the usual way, pursuant to an order of the New York Court.
After careful examination of all the evidence in the case there persists what I judge to be a reasonable doubt that at any time since contracting the marriage that is the subject of this indictment the defendant was "a fugitive fleeing from justice" within the meaning of that phrase, as I construe it. This leaves me only to adjudge that the statute of limitations had expired at the time the indictment was presented.
The defendant is found not guilty.