230 N.J. Super. 233 (1989)
553 A.2d 354
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BONITA SANDERS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 24, 1989.
Decided February 3, 1989.
*235 Before Judges PRESSLER, SCALERA and STERN.
Alfred A. Slocum, Public Defender, attorney for appellant (Perry Feinberg, Designated Counsel, on the letter brief).
Donald R. Belsole, Acting Attorney General, attorney for respondent (Janet Flanagan, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by STERN, J.A.D.
Defendant was indicted for endangering the welfare of a child, N.J.S.A. 2C:24-4a (count one), and child abuse, N.J.S.A. 9:6-1 (count two). After being granted leave to withdraw a prior guilty plea, defendant unsuccessfully moved to dismiss the indictment on grounds that New Jersey lacked territorial jurisdiction for purposes of prosecution. See N.J.S.A. 2C:1-3. The motion was denied, and defendant then again pled guilty to the first count charging endangering the welfare of a child. Defendant was sentenced to serve a probationary term, including 364 days in custody as a condition thereof, and was ordered to pay a $30 penalty for the benefit of the Violent Crimes Compensation Board.
At the time of her guilty plea, defendant admitted that she left Atlantic City, New Jersey, by bus expressly for purposes of abandoning her two-day old baby in Philadelphia. During the plea colloquy, the defendant told the court "that's why I went; yes", referring to the fact that she went to Philadelphia for the purposes of abandoning her son who was discovered in a restroom of a bus station there.
We are satisfied that defendant offered a sufficient factual basis to sustain her plea of guilty to the charge of endangering the welfare of a child. We are also satisfied that there was sufficient indication of facts to permit acceptance of *236 the guilty plea for an offense subject to prosecution in this State.
The issue in this case is not whether Pennsylvania may also prosecute the defendant, see Heath v. Alabama, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985); State v. Cooper, 54 N.J. 330, 336-339 (1969), or whether New Jersey should defer to prosecution if there had been such in Pennsylvania. See N.J.S.A. 2C:1-11. Rather, the sole issue before us deals with whether the trial court properly determined that New Jersey has jurisdiction to prosecute defendant for the offense of endangering the welfare of a child and whether a sufficient factual basis was given.[1]
The Code of Criminal Justice broadened New Jersey's criminal jurisdiction. See N.J.S.A. 2C:1-3; Commentary to § 2C:1-3, II The New Jersey Penal Code Commentary: Final Report of the New Jersey Criminal Law Revision Commission (1971) at 5. Under N.J.S.A. 2C:1-3a(1), New Jersey has territorial jurisdiction if "[e]ither the conduct which is an element of the offense or the result which is such an element occurs within this State; ...."[2] This provision expanded precode law which, generally, required "the completed act" to occur in this state in order to permit prosecution here. See Commentary to § 2C:1-3, supra, at 7. See also, e.g., State v. Schumann, 111 N.J. 470, 474-475 (1988); State v. McDowney, 49 N.J. 471, 474 (1967); State v. Reldan, 166 N.J. Super. 562, 565-67 (Law Div. 1979), rev'd on other grounds 185 N.J. Super. 494, 506 (App.Div. 1982). It is clear from the facts admitted *237 here that, by leaving New Jersey with the express purpose of abandoning the child in Pennsylvania, defendant endangered the welfare of the child in this state.
Moreover, under N.J.S.A. 2C:1-8d "[a] defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense." An offense is so included when "[i]t consists of an attempt ... to commit the offense charged...." N.J.S.A. 2C:1-8d(2). Under N.J.S.A. 2C:5-1a(3)
[a] person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for the commission of the crime, [she]:
........
(3) Purposely does ... anything which, under the circumstances as a reasonable person would believe them to be, is an act ... constituting a substantial step in a course of conduct planned to culminate in [her] commission of the crime.
An attempt to commit a third degree crime is, in fact, a third degree crime. See N.J.S.A. 2C:5-4a.
As the mother of the victim, defendant had a "legal duty for the care of" her child, and she took a substantial step in this state towards the ultimate act of neglecting the child, as prohibited by N.J.S.A. 2C:24-4. As was noted by the Supreme Court of Connecticut in rejecting a challenge to the sufficiency of charges contained in a New Jersey extradition request, "[t]he fact that overt acts occur in other states does not mean that New Jersey loses jurisdiction to charge the plaintiff when the effect of those acts is a violation of New Jersey law." Hill v. Blake, 186 Conn. 404, 441 A.2d 841, 846 (1982) (conspiracy case). Therefore, in this case the Law Division properly accepted defendant's plea of guilty to the third degree endangering offense, albeit it may have constituted only an attempt to endanger in New Jersey.
Accordingly, the judgment is affirmed.
NOTES
[1] Lack of jurisdiction is a legal question, see State v. Schumann, 111 N.J. 470, 474-475 (1988), which can be raised at any time except during trial. R. 3:10-4. We bypass any question regarding whether lack of jurisdiction may be waived by a guilty plea and do not pass on defendant's assertion that she pled guilty "conditionally", thereby preserving the issue, although not with the approval of the court and consent of the prosecuting attorney, see R. 3:9-3(f).
[2] In light of our reliance on this subsection, we do not consider any other provision of N.J.S.A. 2C:1-3a.