711 A.2d 416

STATE OF NEW JERSEY, PLAINTIFF, v. ABDUL
RAZZAK ISHAQUE, DEFENDANT.

Superior Court of New Jersey
Law Division
Union County

Decided December 4, 1997.

*Kevin Crawford Orr, Esq.*, for plaintiff.
*Amilkar Velez–Lopez, Esq.*, for defendant.

BEGLIN, A.J.S.C.

This case is one of first impression in New Jersey. It raises the question of when a court has jurisdiction over the offense of bigamy.

Accepting the facts as alleged by the complainant, it appears that Abdul Razzak Ishaque, the defendant, married Evelin Mendez in a civil ceremony in Elizabeth on February 9, 1993, and cohabited thereafter with his·wife at their residence in the city. Some three years later he traveled to Pakistan, where on August 16, 1996 in South Karachi, a ceremony of marriage took place between defendant and Abide Suleman, the complainant. There are allegations the marriage had been arranged by the defendant's father so that the complainant could obtain permanent resident status in the United States, but those contentions need not be addressed further for purposes of the within motion. After the defendant returned to New Jersey, the complainant also traveled here and on February 25, 1997 swore out a complaint in the Elizabeth Municipal Court charging him with bigamy, *N.J.S.A.*

2C:24–1a. The Municipal Court dismissed the complaint with prejudice for lack of jurisdiction, without a hearing, on defendant's motion. The complainant has appealed that determination pursuant to *R.* 3:24(b), and defendant now moves to dismiss the appeal.

The complainant's attorney has prosecuted the matter, thereby raising a preliminary concern that the dictates of *State v. Storm,* 141 *N.J.* 245, 661 *A.*2d 790 (1995) do not appear to have been followed by to Municipal Court. There is no record of that court having received a written certification nor first making a determination permitting the attorney for Abida Suleman to prosecute the complaint. As in *Storm,* this case appears to present a volatile relationship between the parties, as shown by the proceedings which previously took place in Pakistan following the ceremony there. The City of Elizabeth employs a prosecutor, but he does not prosecute private complaints, apparently for pragmatic and economic reasons. Nevertheless, that court like most municipal courts, is asked to resolve private disputes on almost a daily basis, thereby "providing a safety valve for society".

> For a municipal court to provide an effective forum, both the complainant and the defendant must trust the impartiality of the proceedings. To earn that trust, the prosecutor, like the judge, must be impartial. Inevitably, private prosecutions undermine confidence in the integrity of the proceedings. *Id.* at 254, 661 *A.*2d 790.

It appears that Mr. Orr's obligations to Abide Suleman as her private attorney create at the least an appearance that he is unable to act as a private prosecutor with impartiality. The question has not been addressed by the parties, however, and the court will therefore not base its decision on the issue.

*N.J.S.A.* 2C:24–1a provides that "a married person is guilty of bigamy, a disorderly persons offense, if he contracts or purports to contract another marriage" (none of the exceptions being applicable here). In most reported decisions under the predecessor statute, *N.J.S.A.* 2A:92–1, both marriages took place in New Jersey, *State v. De Meo,* 35 *N.J.Super.* 168, 113 *A.*2d 688 (App. Div.1955) or the remarriage took place in this state, *State v. Najjar,* 1 *N.J.Super.* 208, 63 *A.*2d 807 (App.Div.1949) aff'd 2 *N.J.* 208, 66 *A.*2d 37 (1949), and no question of jurisdiction arose. If,

however, the second or bigamous marriage occurs in another jurisdiction, there is a question as to where the offense is said to have taken place and where it may then be prosecuted.

■ Generally, contracting a second marriage and going through that ceremony when one is legally married to another is said to constitute the offense of bigamy. 11 *AM.JUR.2D*, Bigamy § 9 (1997).

> The basic principle that jurisdiction over crimes is local and that no state can punish for a crime committed in another state applies to prosecutions for bigamy; accordingly such prosecutions must ordinarily be brought in the jurisdiction where the second marriage—the crime—took place. *Id.* § 25 at 332.

■ The place where the second marriage is entered into or solemnized is the jurisdiction which determines if a criminal offense has occurred, for the act of entering into that second marriage is what has offended the sovereignty of that jurisdiction. The jurisdiction of the first marriage and the jurisdiction where the offender may subsequently be found are not similarly offended. The place of the second marriage is the place which seeks to prevent such happening—that is the place where the offense has occurred. The law of that place is the law which defines the offense.

> In the absence of some special statutory provision, the place where the second marriage was performed is material, since only the state in which the second marriage was solemnized has jurisdiction, even if cohabitation in the state of the prior marriage follows the second marriage. 10 *C.J.S.*, Bigamy and Related Offenses § 5d (1995) at 86–87.

Under statutes similar to ours, courts have consistently ruled that they are without jurisdiction to prosecute a defendant for a bigamous marriage solemnized in another state. See *Green v. State,* 232 *Ind.* 596, 115 *N.E.*2d 211 (1953), *Wilson v. State,* 16 *Okla.Cr.* 471, 184 *P.* 603 (App.1919), *People v. Hess,* 286 *A.D.* 617, 146 *N.Y.S.*2d 210 (1955), *State v. Ray,* 151 *N.C.* 710, 66 *S.E.* 204 (1909).

■ The jurisdiction referred to in the New Jersey Code of Criminal Justice definition of the elements of an offense is territorial jurisdiction. *N.J.S.A.* 2C:1–3. Likewise, the jurisdiction of a

municipal court is territorial jurisdiction ("over cases arising within the territory of that municipality"). *N.J.S.A.* 2B:12–16. Jurisdiction is an element of the offense. Under *N.J.S.A.* 2C:1–14h " 'element of an offense' means (1) such conduct or (2) such attendant circumstances or (3) such a result of conduct as . . . (e) establishes jurisdiction or venue." Jurisdiction is a question of law to be determined by the court. *State v. Schumann*, 111 *N.J.* 470, 475, 545 *A.*2d 168 (1988).

The complainant urges that the Code has expanded New Jersey's criminal jurisdiction, citing *N.J.S.A.* 2C:1–3a and *State v. Sanders*, 230 *N.J.Super.* 233, 553 *A.*2d 354 (App.Div.1989), *State v. Streater*, 233 *N.J.Super.* 537, 559 *A.*2d 473 (App.Div.1989), cert. den. 117 *N.J.* 667, 569 *A.*2d 1358 (1989), *State v. Jackson*, 289 *N.J.Super.* 43, 672 *A.*2d 1254 (App.Div.1996) and *State v. Bragg*, 295 *N.J.Super.* 459, 685 *A.*2d 488 (App.Div.1996). Indeed, this is so, but nevertheless the act or the conduct constituting the offense of bigamy cannot in this case be found to have taken place anywhere but in Pakistan. This is not an instance where it could be said whatever preceded defendant's departure to Pakistan constituted an attempt to commit in that country acts which constitute bigamy both there and in New Jersey. That is because the provisions of *N.J.S.A.* 2C:5–1 defining "criminal attempt" refer only to a crime, and do not include "offenses". *N.J.S.A.* 2C:1–4. Therefore, the provisions of *N.J.S.A.* 2C:1–3a(2) would not be applicable here.

Further, although *N.J.S.A.* 2C:1–3a(4) speaks of conduct constituting complicity in "the commission of, or an attempt, or conspiracy to commit, an offense in another jurisdiction which also is an offense under the law of this State", complicity does not apply here. Complicity under *N.J.S.A.* 2C:2–6 imposes liability upon one person for the conduct of another person under circumstances where one is accountable for the other's conduct. By urging complicity here, plaintiff confuses that which holds another liable from that which holds a defendant liable. Whatever conduct the defendant engaged in prior to departing for Pakistan, even if it

included making all arrangements for the bigamous marriage, his culpability can only be that of a principal—only he as a married person can be guilty of bigamy, and that guilt can only arise when he participates in the solemnization of the second marriage. The provisions of *N.J.S.A.* 2C:1–3 dealing with territorial applicability therefore, in these circumstances address only the conduct of the defendant and do not extend jurisdiction to New Jersey.

Finally, the "reasonable relation to a legitimate interest of this state" under *N.J.S.A.* 2C:1–3a(6) needs to be addressed. The bigamy statute reflects the moral standards of the community, evidencing a strong public policy favoring stability in marriage and thereby condemning those whose behavior demonstrates "a dangerous disposition to plural marriage". Vol. II: *Commentary, The N.J. Penal Code 250,* (Final Report of N.J. Criminal Law Revision Commission, 1971). The public interest underlying our statute seeks to prevent persons while married from entering into other marriages. It does not seek to protect New Jersey residents from the consequences of such conduct, other than to criminalize that which the married person has done. It represents a decision that is best accomplished by barring that individual from contracting the second marriage in this jurisdiction. It seeks to prevent that act from happening, and if it happens here, the offense of bigamy has occurred. If it happens elsewhere, the offense has not occurred here. It cannot be said under *N.J.S.A.* 2C:1–3a(6) that our bigamy statute "expressly prohibits (such) conduct (when it occurs) outside" New Jersey. The validity of the marriage which took place here, which New Jersey has a legitimate interest in protecting, has not been affected by what occurred in Pakistan.

■ Bigamy is not a continuing offense; the offense is committed the moment the second marriage ceremony takes place. Nothing in our code suggests the Legislature intended to make a bigamous marriage contracted outside New Jersey an offense against the laws of this state, nor to expand the jurisdiction of this state's courts to prosecute one for committing bigamy elsewhere.

For all of these reasons, the Municipal Court properly dismissed the complaint because it lacked jurisdiction to entertain it, and the appeal accordingly is dismissed.