# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2778-20

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

A.D.D.,[1]

      Defendant-Appellant.

_____

      Submitted October 14, 2021 – Decided November 10, 2021

      Before Judges Gooden Brown and Gummer.

      On appeal from an interlocutory order of the Superior Court of New Jersey, Camden County, Indictment No. 18-09-2337.

      Robin Kay Lord, attorney for appellant.

      Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Cynthia Russomanno, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials to protect the confidentiality of the victim. R. 1:38-3(c)(12).

PER CURIAM

By leave granted, defendant appeals from the January 20, 2021 Law Division order denying his motion to withdraw his guilty plea prior to sentencing. Based on our de novo review of the plea colloquy in light of the applicable legal standards, we conclude the factual basis for the guilty plea was inadequate and reverse.

Defendant was charged in a Camden County indictment with second-degree sexual assault, N.J.S.A. 2C:14-2(b), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1), stemming from allegations that between June 23 and July 11, 2018, he committed an act of sexual contact by touching his five-year-old neighbor's vagina for sexual gratification.[2] On August 11, 2020, defendant entered a negotiated guilty plea to the child endangerment count[3] in exchange for the State's agreement to move to dismiss the remaining count and recommend a sentence of probation conditioned upon

---

[2] Defendant was arrested on the charges on July 12, 2018. At the time of his arrest, defendant was serving a special sentence of parole supervision for life (PSL), N.J.S.A. 2C:43-6.4(a), and subject to Megan's Law, N.J.S.A. 2C:7-1 to -23, for an unrelated charge. His July 12 arrest resulted in a parole violation.

[3] Defendant had previously gone to trial on the charges in October 2019, resulting in a hung jury. Prior to the re-trial, defendant entered into the plea agreement with the State from which this appeal arises.

A-2778-20

time served subject to PSL, Megan's Law, and Nicole's Law, N.J.S.A. 2C:14-2 and 2C:44-8.[4]

On August 27, 2020, prior to defendant's scheduled sentencing date, defendant moved to withdraw his guilty plea for various reasons, including an inadequate factual basis to support the plea.[5] On January 20, 2021, following oral argument, the trial judge denied defendant's motion. In an oral decision delivered from the bench, the judge reviewed in detail the factual basis elicited at the plea hearing, which we recount verbatim for context:

> [DEFENSE COUNSEL]: Between June 23[], [20]18, and July 11[], [20]18, were you in Pine Hill?
>
> [DEFENDANT]: Yes.
>
>  . . . .
>
> [DEFENSE COUNSEL]: Did you have a residence in Pine Hill?
>
> [DEFENDANT]: Yes.

---

[4] Defendant had been detained since his July 12 arrest and was to remain in custody pending sentencing. Under the terms of the plea agreement, defendant's probation would be terminated upon sentencing as he would be under the supervision of the State Parole Board's Division of Parole as a result of the PSL sentence.

[5] On the same date, the Attorney General's Office filed a petition seeking defendant's civil commitment as a sexually violent predator pursuant to the Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 to -27.38. That petition is not pertinent to the issues raised in this appeal.

A-2778-20

[DEFENSE COUNSEL]: Was there . . . a [five-year-old] girl that lived next door to you?

[DEFENDANT]: Yes.

 . . . .

[DEFENSE COUNSEL]: Okay. Did there come a point in time when you would invite her into your home?

[DEFENDANT]: Yes.

[DEFENSE COUNSEL]: And did you invite her into your home during that period of time sometime between June 23[] and July 11[], 2018?

[DEFENDANT]: Yes.

[DEFENSE COUNSEL]: And what was the purpose of you inviting her into your home?

[DEFENDANT]: I was thinking about touching her.

[DEFENSE COUNSEL]: Touching her where?

[DEFENDANT]: Touching her sexually.

[DEFENSE COUNSEL]: And was that for . . . purposes of sexual gratification on your part?

[DEFENDANT]: Yes.

[DEFENSE COUNSEL]: And did she actually enter your home on those occasions?

[DEFENDANT]: She did come in one day, one time.

4

[DEFENSE COUNSEL]: Okay. Were you seated on the couch?

[DEFENDANT]: Yes.

[DEFENSE COUNSEL]: Did you invite her to sit next to you on the couch?

[DEFENDANT]: Yes.

[DEFENSE COUNSEL]: And for what was that purpose?

[DEFENDANT]: For the purpose of touching her but at the last minute I decided not to touch her.

 . . . .

[PROSECUTOR]: And, sir, you would agree that by inviting her over with the purpose to touch her vagina, that would constitute sexual conduct, correct?

[DEFENDANT]: Yes.

[PROSECUTOR]: And I don't think this was explicitly said, but when you said "touch her," it was specifically her vagina, correct?

[DEFENDANT]: Yes.

The judge acknowledged that although the factual basis did not establish the elements of child endangerment, it did "support an attempted child endanger[ment] charge" and, "under [N.J.S.A. 2C:1-8(d)(2)], attempts . . . are defined as lesser included offenses, notwithstanding that they require proof of

facts that may not be necessary for the proof of the substantive crime committed." In denying the motion, the judge unilaterally amended defendant's guilty plea to the lesser included offense of attempted child endangerment, stating:

> [D]efendant stated under oath that he invited the [five-year-old] victim in his home so that he could touch her vagina for sexual gratification. I find that his purpose of isolating her in his home away from her parents, having the victim sit on his sofa next to him is clear. It was to complete an act of sexual conduct. I find that the factual [basis] certainly shows that substantial steps were taken in this matter. The conduct was to touch the victim['s] . . . vagina. I find based on . . . [N.J.S.A.] 2C:1-8[(d)](2) . . . that defendant's statements under oath are certainly adequate on an attempted endangering of the victim.

The judge entered a memorializing order on the same date, denying defendant's motion on this ground as well as the other grounds raised, none of which are pertinent to this appeal.

On March 4, 2021, we denied defendant's motion for leave to appeal the January 20, 2021 order. However, in an order filed June 4, 2021, the Supreme Court granted defendant's motion for leave to appeal solely on the sufficiency of the factual basis and "summarily remanded to the . . . Appellate Division to consider on the merits, including consideration of State v. Barboza, 115 N.J. 415 (1989)."

In this ensuing appeal, defendant makes the following argument:

> THE TRIAL COURT ERRONEOUSLY DECIDED THAT IT COULD UPHOLD DEFENDANT'S FACTUAL BASIS BY FINDING DEFENDANT GUILTY OF AN ATTEMPTED CRIME IN LIEU OF THE ACTUAL CRIME LISTED IN THE PLEA AGREEMENT.
>
> > A. The Trial Court Erroneously Amended Defendant's Plea From Child Endangerment To Attempted Child Endangerment, Which Are Separate Criminal Offenses.
> >
> > B. Because Defendant Did Not Agree To Plead Guilty To Attempted Child Endangerment, Defendant's Plea Was Not Knowing, Intelligent, And Voluntary.
> >
> > C. Pursuant To The Court's Ruling In State v. Barboza, . . . The Only Appropriate Remedy Here Is To Vacate Defendant's Guilty Plea So That Defend[an]t May Either Re-Plead Or Proceed To Trial.

We begin our analysis by acknowledging the legal principles that govern this appeal. Our "review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." State v. Tate, 220 N.J. 393, 403–04 (2015) (citing Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995)). "An appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the

7

essential elements of an offense." Id. at 404. "[I]f a factual basis has not been given to support a guilty plea, the analysis ends and the plea must be vacated." Ibid.

"[A]t a plea hearing, a judge must be satisfied that the defendant has given a factual account that makes him guilty of the crime." Id. at 405 (citing R. 3:9-2). Under Rule 3:9-2, "a court shall not accept a guilty plea 'without first questioning the defendant personally, under oath or by affirmation, and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea.'" Ibid. (quoting R. 3:9-2). The necessity for a factual basis to support a guilty plea is rooted in due process. McCarthy v. United States, 394 U.S. 459, 466–67 (1969). "The principal purpose of the factual-basis requirement of Rule 3:9-2 is to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" Tate, 220 N.J. at 406 (quoting Barboza, 115 N.J. at 421). Thus, before accepting a guilty plea, "a defendant must acknowledge facts that constitute the essential elements of the crime." State v. Gregory, 220 N.J. 413, 420 (2015) (citing State v. Sainz, 107 N.J. 283, 293 (1987)).

A-2778-20

To that end, "[t]he factual basis for a guilty plea can be established by a defendant's explicit admission of guilt or by a defendant's acknowledgment of the underlying facts constituting essential elements of the crime." Id. at 419 (citing State v. Campfield, 213 N.J. 218, 231 (2013)). "[I]f an appellate court subsequently determines that a plea has been accepted without an adequate factual basis, the plea, the judgment of conviction, and the sentence must be vacated, the dismissed charges reinstated, and defendant allowed to re-plead or to proceed to trial." Barboza, 115 N.J. at 420.

Here, we agree with the judge that defendant failed to establish a factual basis for child endangerment.[6] Significantly, defendant did not admit to

---

[6] The State counters that State v. Sanders, 230 N.J. Super. 233 (App. Div. 1989), supports its position that defendant's factual basis was adequate to establish a child endangerment charge. We disagree. In Sanders, we found "a sufficient factual basis to sustain [a] plea of guilty" to child endangerment "subject to prosecution in this State" where defendant admitted leaving Atlantic City "by bus expressly for purposes of abandoning her two-day old baby in Philadelphia." Id. at 235-236. The infant "was discovered in a restroom of a bus station" in Philadelphia. Id. at 235. We posited that "the sole issue" was "whether the trial court properly determined that New Jersey has jurisdiction to prosecute defendant for the offense of endangering the welfare of a child and whether a sufficient factual basis was given." Id. at 236. We held "[i]t is clear from the facts admitted here that, by leaving New Jersey with the express purpose of abandoning the child in Pennsylvania, defendant endangered the welfare of the child in this [S]tate." Id. at 236-37. We determined that although defendant's conduct in this State "may have constituted only an attempt to endanger in New Jersey," the fact that defendant "took a substantial step in this state towards the

engaging in sexual conduct with the victim. On the contrary, defendant clearly stated he did not touch the victim on her vagina as he had intended, which was the sexual conduct that formed the evidential basis for the child endangerment charge. We part company with the judge, however, when she determined she had the authority to unilaterally modify the charge to which defendant pled guilty to a lesser included offense in order to sustain the guilty plea.

Our Supreme Court has explained:

> Nowhere do New Jersey's court Rules contemplate a modification of a charge pleaded to either unilaterally or by arrangement with the prosecutor. The discretion of the trial court in assessing a plea is limited to assuring that the criteria for a valid plea of guilty have been met. Rule 3:9-2 makes clear that a plea is either accepted in full or rejected in full. There is no intermediate status for a plea. A plea agreement is an all-or-nothing arrangement. Accord People ex rel. Daley v. Suria, 490 N.E.2d 1288, 1290 (Ill. 1986) (the authority of a trial court that finds that a plea is not supported by a factual basis is limited to rejecting the plea and does not extend to finding defendant guilty, without a trial, of a lesser-included offense to which defendant had not entered a plea).

---

ultimate act of neglecting the child" sufficed to establish a factual basis for child endangerment. Id. at 237. Thus, the import of our ruling in Sanders was that the defendant committed a completed act of child endangerment, albeit in a different state, to confer jurisdiction in this State. Ibid. The facts here are clearly distinguishable because there is neither a jurisdictional question nor a completed act of child endangerment. Although the factual basis evidenced a substantial step towards the ultimate act of child endangerment, defendant never consummated the crime.

. . . .

> Moreover, to allow a court to direct the entry of a guilty plea to a lesser-included criminal offense without defendant's consent is tantamount to permitting a court to direct a verdict against a defendant in a criminal case.  See State v. Collier, 90 N.J. 117, 122 (1982) (a trial court's directing a verdict of guilty to a lesser-included offense violates defendant's federal and state constitutional rights).
>
> It would also violate Rule 3:9-2, which prohibits the use of an admission elicited in support of a refused guilty plea.
>
> [Barboza, 115 N.J. at 422-23.]

Additionally, to allow a court to unilaterally modify the charge to which the defendant pled guilty without the defendant's consent would violate "the spirit of Rule 3:9-3, which limits the role of trial judges in plea discussions."  Id. at 422.  Accordingly, we reverse the denial of defendant's motion to withdraw his guilty plea, vacate defendant's guilty plea, and remand for defendant to re-plead or proceed to trial.  See Campfield, 213 N.J. at 232 ("The remedy for an inadequate factual basis is an order vacating the guilty plea and restoring both parties to their positions prior to the trial court's acceptance of the plea.").

11

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION